David M. Stern (Cal. Bar No. 067697)
Robert J. Pfister (Cal. Bar No. 241370)
Matthew C. Heyn (Cal. Bar No. 227474)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Facsimile: 310-407-9090
Email: dstern@ktbslaw.com
rpfister@ktbslaw.com
mheyn@ktbslaw.com

*Attorneys for Appellees R. Todd Neilson, solely in his capacity as chapter 11 trustee, and GGW Marketing, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In re<br><br>GGW BRANDS, LLC, *et al.*<br><br>Debtors.<br><br>ARGYLE ONLINE, LLC; PATH MEDIA HOLDINGS, LLC; JOSEPH R. FRANCIS; ARGYLE MEDIA SALES, LLC; and FAB FILMS, LLC,<br><br>Appellants,<br><br>v.<br><br>R. TODD NEILSON (solely in his capacity as chapter 11 trustee of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC and GGW Magazine, LLC) and GGW MARKETING, LLC,<br><br>Appellees, | District Court Case No.:<br>2:13-CV-07666-ABC<br><br>Bankruptcy Court Case No.:<br>2:13-bk-15130-SK<br><br>Adv. Proc. No.:<br>2:13-ap-01552-SK<br><br>**APPELLEES' STATEMENT WITH RESPECT TO APPELLANTS' EMERGENCY MOTION FOR STAY OF FINAL JUDGMENT OF BANKRUPTCY COURT PENDING APPEAL**<br><br>No Hearing Set or Requested |

On October 28, 2013, appellants Argyle Online, LLC, Path Media Holdings, LLC, Joseph R. Francis, Argyle Media Sales, LLC, and Fab Films, LLC (collectively, "Appellants") filed their *Emergency Motion for Stay of Final Judgment of Bankruptcy Court Pending Appeal* [Docket No. 6] (the "Emergency Motion"). The Emergency Motion does not comply with the Court's local rules because it has not been noticed for a hearing, *see* Local Rule 7-4 ("On the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing …."), and was not accompanied by an ex parte request for hearing on shortened time, *see* Local Rule 7-19 (specifying requirements for seeking ex parte relief). With neither a hearing date nor an ex parte application, there does not appear to be a set deadline for appellees R. Todd Neilson (solely in his capacity as chapter 11 trustee) and GGW Marketing, LLC (together, "Appellees") to respond to the Emergency Motion. *See* Local Rule 7-9 (opposition to properly noticed motion is due "not later than twenty-one (21) days before the date designated for the hearing of the motion"). Accordingly, Appellees respectfully submit this brief statement with respect to the Emergency Motion to advise the Court that: (i) there is no emergency; (ii) the Honorable Sandra R. Klein, United States Bankruptcy Judge for the Central District of California, has scheduled a hearing on Appellants' request for identical relief at 8:30 a.m. on November 14, 2013; and (iii) as a matter of judicial economy and consistent with well-settled procedures governing requests for stays pending appeal, no request for stay pending appeal need or should be entertained by this Court until the Bankruptcy Court has ruled.

***There is No Emergency***: The Emergency Motion asserts that Appellees "intend to immediately auction the intellectual property" that is the subject of this appeal "to a third party bidder before a decision can be made in this appeal," Mot. at 2:8-10, implying that Appellees can simply appear on the courthouse steps tomorrow and foment a bidding war. In fact, *if* Appellants have not secured a stay

1

by posting a proper bond, *see* Fed. R. Civ. P. 62(d), and *if* Appellees find an interested buyer for what may fairly be characterized as a unique category of assets (intellectual property for an adult entertainment enterprise), Appellees must file a motion in the Bankruptcy Court seeking authorization to effect a sale. *See* 11 U.S.C. § 363(b)(1) (requiring "notice and a hearing" before a trustee may sell property of the estate "other than in the ordinary course of business"). There is no pending sale nor any pending motion. Notably, the Bankruptcy Rules require "at least 21 days' notice by mail of … a proposed use, sale or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time…." Fed. R. Bankr. P. 2002(a)(2); *see also* Fed. R. Bankr. P. 6004(c) (additional requirements for sale of "property free and clear of liens or other interests"); 6004(e) (requirement of a hearing), 6004(f) (regulating conduct of sales). The notion that there will be a secret and unnoticed sale of the property at issue before November 14, 2013 is, put simply, unfounded fantasy.

*A Request for the Same Relief is Pending Before the Bankruptcy Court*: As Appellants admit in their Emergency Motion, the Bankruptcy Court has before it "an emergency motion for stay pending appeal" that raises "[a]ll grounds advanced in support of the present motion." Mot. at 5:22-24. Appellants further admit that the Bankruptcy Court "scheduled a hearing on [that] motion in three weeks," *id*. at 6:3-4, *i.e.*, on November 14, 2013. Appellees' opposition to that motion is due October 31, 2013, and Bankruptcy Judge Klein has consistently ruled on matters in these cases at the conclusion of hearings, with written orders following a day or two later. Accordingly, there is every reason to expect that the motion now before the Bankruptcy Court seeking relief identical to that requested in the Emergency Motion will be decided on November 14, 2013.

*This Court Does Not Need to Entertain Any Stay Request Before The Bankruptcy Court Rules*: There is a reason that motions for stays pending appeal "must ordinarily be presented to the bankruptcy judge in the first instance," Fed. R.

2

Bankr. P. 8005, with appellate review limited to whether the bankruptcy court abused its discretion in granting or denying such relief, *see Black v. Google, Inc.*, 457 F. App'x 622, 623 (9th Cir. 2011); *see also In re Taub*, 470 B.R. 273, 276 (E.D.N.Y. 2012) ("If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter."). As the judge who heard the matter initially and entered a comprehensive, 57-page ruling addressing the parties' arguments in great detail, Bankruptcy Judge Klein is in the best position to determine whether Appellants have met the demanding criteria for the issuance of a stay and, if so, to set a bond in the proper amount. Moreover, if the Bankruptcy Court grants a stay and Appellants post a proper bond, there will be no need for this Court to consider the matter.

Appellants' attempt to bypass the Bankruptcy Court appears to be based on their insulting perception that in "the bankruptcy world," "trustees are routinely permitted by the bankruptcy court to get away with things that would not be tolerated by an Article III judge." Mot. at 2:19-21. Not only is that not true, but the recourse for Appellants is not to ignore the Bankruptcy Rules but rather to petition the Supreme Court to change them. As long as the rules exist in their present form, they should be followed.

WHEREFORE, Appellees respectfully submit that the Emergency Motion is not properly presented (both procedurally and substantively) and ought be determined, if at all, following the Bankruptcy Court's determination of the pending stay motion in that court. In the event that the Court wishes to hear the Emergency Motion, Appellees respectfully request that this Court issue a briefing order so that they can respond on the merits.

1

2  DATED: October 29, 2013        Respectfully submitted,

3
4        KLEE, TUCHIN, BOGDANOFF & STERN LLP

5
6        *[signature]*

7        David M. Stern (Cal. Bar No. 067697)
         Robert J. Pfister (Cal. Bar No. 241370)
8        Matthew C. Heyn (Cal. Bar No. 227474)

9        *Attorneys for Appellees R. Todd Neilson, solely in his capacity as chapter 11 trustee, and GGW Marketing, LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

4