MICHAEL D. KOLODZI, STATE BAR NO. 255772
THE KOLODZI LAW FIRM
5981 Topanga Canyon Boulevard
Woodland Hills, California 91367
Telephone: 818.287.7173
Facsimile: 866.571.6094
Email: mdk@mdklawfirm.com

Attorney for ARGYLE ONLINE, LLC, PATH MEDIA HOLDINGS, LLC, JOSEPH R. FRANCIS, ARGYLE MEDIA SALES, LLC, AND FAB FILMS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GGW BRANDS, LLC, *et al.*<br><br>Debtors.<br><br>――――――――――――<br>ARGYLE ONLINE, LLC,<br><br>   Appellant, Plaintiff,<br>   Counterclaim Defendant, and<br>   Third-Party Defendant,<br><br>   v.<br><br>R. TODD NEILSON, solely in his capacity as chapter 11 trustee of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC and GGW Magazine, LLC,<br><br>   Appellee, Defendant,<br>   Counterclaimant, and Third-<br>   Party Plaintiff.<br><br>*[caption continued]* | District Court Case No: 2:13-CV-07666-ABC<br><br>Bankruptcy Court Case No. 2:13-bk-15130-SK<br>Adv. Proc. No. 2:13-ap-1552-SK<br><br>**NOTICE OF MOTION AND MOTION FOR WRIT OF MANDAMUS TO U.S. BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA TO IMMEDIATELY FILE CERTIFICATE OF READINESS AND COMPLETION OF RECORD**<br><br>Date:       January 6, 2014<br>Time:      10:00 a.m.<br>Judge:    Hon. Audrey B. Collins<br>Location: United States District Court<br>              255 E. Temple Street<br>              Courtroom 680<br>              Los Angeles, CA 90012 |

-1-
MOTION FOR WRIT OF MANDAMUS

THE KOLODZI LAW FIRM
5981 TOPANGA CANYON BOULEVARD
WOODLAND HILLS, CALIFORNIA 91367

| | |
|---|---|
| 1 | |
| 2 | R. TODD NEILSON, solely in his capacity as chapter 11 trustee of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC and GGW Magazine, LLC; |
| 3 | |
| 4 | |
| 5 |     Appellee, Defendant, Counterclaimant, and Third-Party Plaintiff, |
| 6 | |
| 7 |   -*and*- |
| 8 | GGW MARKETING, LLC, |
| 9 |     Appellee, Third-Party Plaintiff, |
| 10 |   v. |
| 11 | PATH MEDIA HOLDINGS, LLC; JOSEPH R. FRANCIS; ARGYLE MEDIA SALES, LLC; and FAB FILMS, LLC, |
| 12 | |
| 13 |     Appellants, Third-Party Defendants, |
| 14 |   -*and*- |
| 15 | ARGYLE ONLINE, LLC, |
| 16 |     Appellants, Plaintiff, Counterclaim Defendant, and Third-Party Defendant. |
| 17 | |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **NOTICE IS HEREBY GIVEN THAT** on January 6, 2014 at 10:00 a.m., before the Honorable Audrey B. Collins, in Courtroom 680 of the United States Courthouse for the Central District of California, Western Division, 255 E. Temple Street, Los Angeles, CA 90012, Appellants ARGYLE ONLINE, LLC ("ARGYLE ONLINE"), PATH MEDIA HOLDINGS, LLC ("PATH MEDIA"), JOSEPH R. FRANCIS ("FRANCIS"), ARGYLE MEDIA SALES, LLC ("ARGYLE MEDIA"), AND FAB FILMS, LLC ("FAB FILMS") (collectively the "Appellants") will and hereby do move this Court for: a writ of mandamus to the U.S. Bankruptcy Court for the Central District of California, ordering such court to immediately file the Certificate of Readiness

and Completion of Record for this case pursuant to L.R. 8006-3.1..

This Motion is exempt from the conference requirements of Local Rule 7-3 because it is a type of case listed in Local Rule 16-12 (i.e. an appeal from a bankruptcy case).

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested because as of the date of filing of this Motion it has been over one month since the record has been ready and all transcripts prepared, yet the bankruptcy court has failed to file the requisite Certificate of Readiness, and this appeal risks becoming moot if the briefing does not occur expeditiously.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this appeal; and such further argument and matters as may be offered at the time of the hearing of this Motion.

DATED: December 3, 2013

Respectfully submitted,
THE KOLODZI LAW FIRM

By: _____
MICHAEL D. KOLODZI, ESQ.
Attorney for ARGYLE ONLINE, LLC,
PATH MEDIA HOLDINGS, LLC, JOSEPH
R. FRANCIS, ARGYLE MEDIA SALES,
LLC, AND FAB FILMS, LLC

## TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND ................................................................. 1

II. JURISDICTION .............................................................................................. 2

III. LEGAL STANDARD ..................................................................................... 3

IV. ARGUMENT ................................................................................................... 3

    A. The Bankruptcy Court Has a Clear Duty to Timely Provide the Certificate of Readiness. ........................................................................ 3

    B. Appellants Will Be Prejudiced and Could Suffer Substantial Irreparable Harm if the Certificate of Readiness is Not ImmediatelyFiled ................................................................................. 4

V. CONCLUSION ................................................................................................ 4


# TABLE OF AUTHORITIES

### Statutes

28 U.S.C. §1651 .................................................................................................................2

Section 363(f) of the Bankruptcy Code ..............................................................................4

### Rules

F.R.B.P. 8007 ......................................................................................................................4

F.R.B.P. 8009 ......................................................................................................................4

Local Rule 8006-3.1 ............................................................................................................3

### Cases

*Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 74. S.Ct. 145, 98 L.Ed. 106 (1953) ........................................................................................................................3

*DeGeorge v. United States Dist. Ct.*, 219 F.3d 930, 934 (9th Cir. 2000) ............................3

*In re Calore Express Co.*, 266 B.R. 727, 733 (D. Mass. 1998) ...........................................3

*In re Pappas & Rose, P.C.*, 229 B.R. 815, 818 (W.D. Okla. 1998) ....................................3

*In re Salter*, 279 B.R. 278 (9th Cir. BAP 2002) .................................................................3

*Mullis v. U.S. Bankruptcy Court for Dist. Of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) ............................................................................................................................3

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **PROCEDURAL BACKGROUND**

On October 4, 2013, the United States Bankruptcy Court for the Central District of California (the "bankruptcy court") issued a Final Judgment in the present case that is under appeal immediately following a grant of summary judgment in favor of Appellees regarding ownership of certain trademarks and intellectual property.[1]

On October 10, 2013, Appellants filed a Notice of Appeal.[2]

On October 10, 2013, Appellants also filed an Election to Have Appeal Heard By District Court.[3]

On October 18, 2013, Appellants filed a Statement of Issues to be Presented on Appeal and Designation of the Record.[4]

The Designation of the Record indicated that part of the record would be a transcript of a hearing in the main bankruptcy case on May 20, 2013.[5] The Docket for the main bankruptcy case indicates that, as of June 4, 2013, such transcript had already been prepared and was in the possession of the bankruptcy court.[6]

The Designation of the Record indicated that part of the record would be a transcript of a hearing in this adversary matter that took place on October 4, 2013.[7] The Docket for the adversary matter indicates that, as of October 28, 2013, such transcript was prepared and in the possession of the bankruptcy court.[8]

On November 1, 2013, the Appellees filed a Counter-Designation of the Record on Appeal.[9]

---

[1] Appellants Request for Judicial Notice ("RJN"), Ex. A.
[2] Appellants RJN, Ex. B.
[3] Appellants RJN, Ex. C.
[4] Appellants RJN, Ex. D.
[5] Appellants RJN, Ex. D, pg. 4.
[6] Appellants RJN, Ex. E, Doc. 183.
[7] Appellants RJN, Ex. D, pg. 6.
[8] Appellants' RJN, Ex. F, Doc. 166.
[9] Appellants RJN, Ex. G.

THE KOLODZI LAW FIRM
-1-
MOTION FOR WRIT OF MANDAMUS

1  In addition to the transcripts that were part of the Appellants Designation of the Record as described above, the Appellees Counter-Designation of the Record specified certain additional transcripts, but they too had al already been prepared and were all in the possession of the bankruptcy court.

The Counter-Designation specified a transcript of a hearing held April 10, 2013 in the main bankruptcy case.[10] The bankruptcy court had that transcript in its possession April 15, 2013.[11]

The Counter-Designation specified a transcript for a hearing in the main bankruptcy case that took place on May 24, 2013.[12] The bankruptcy court had that transcript in its possession May 24, 2013.[13]

The Counter-Designation specified a transcript for a hearing in this adversary matter that took place on May 24, 2013.[14] The bankruptcy court had that transcript in its possession June 4, 2013.[15]

To date, a Certificate of Readiness and Completion of Record has not yet been filed by the bankruptcy court in this appeal.

## II. JURISDICTION

This court is authorized, in furtherance of its appellate jurisdiction in this case, to issue a writ of mandamus to the bankruptcy court.

The All Writs Act, 28 U.S.C. §1651 states:

> "The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The All Writs Act has been held to permit district courts and the Bankruptcy Appeal Panel, in their appellate capacity with respect to bankruptcy court judgments and orders, to issue

---

[10] Appellants RJN, Ex. G, pg. 6.
[11] Appellants RJN, Ex. E, Doc. 86.
[12] Appellants RJN, Ex. G, pg. 8.
[13] Appellants RJN, Ex. E, Doc. 184.
[14] Appellants RJN, Ex. G, pg. 13.
[15] Appellants RJN, Ex. F, Doc. 37.

writs of mandamus to the bankruptcy courts over which they have appellate jurisdiction. *See, In re Salter,* 279 B.R. 278 (9th Cir. BAP 2002); *In re Calore Express Co.,* 266 B.R. 727, 733 (D. Mass. 1998); *In re Pappas & Rose, P.C.,* 229 B.R. 815, 818 (W.D. Okla. 1998). However, such power to issue a writ of mandamus applies only when exercised in furtherance of such appellate jurisdiction and does not exist generally. *See, Mullis v. U.S. Bankruptcy Court for Dist. Of Nevada,* 828 F.2d 1385, 1393 (9th Cir. 1987).

### III. <u>LEGAL STANDARD</u>

A writ of mandamus is to be used "to compel [an inferior court] to exercise its authority when it is its duty to do so." *DeGeorge v. United States Dist. Ct.,* 219 F.3d 930, 934 (9th Cir. 2000).

The party seeking a writ of mandamus has the burden to establish "that its right to issuance of the writ is clear and undisputable." *Id.* quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74. S.Ct. 145, 98 L.Ed. 106 (1953).

### IV. <u>ARGUMENT</u>

#### A. <u>The Bankruptcy Court Has a Clear Duty to Timely Provide the Certificate of Readiness.</u>

Local Rule 8006-3.1 states:

> "*Certificate of Readiness.* Upon the filing of the transcripts in the bankruptcy court, or alternatively, when the bankruptcy court receives notice that no transcripts will be ordered, the clerk of the bankruptcy court shall transmit a Certificate of readiness to the district court. The certificate shall attest that all documents which comprise the record are available to parties in the bankruptcy court clerk's office. The district court shall forthwith notify the parties of the date of filing the Certificate of readiness and this date shall constitute the date of entry on the docket for the purposes of F.R.B.P. 8007 and 8009."

Therefore, the bankruptcy court (more specifically, the clerk of the bankruptcy court) has a clear duty to transmit the Certificate of Readiness "upon the filing of the transcripts in the bankruptcy court."

In the present case, as described above under Procedural Background, all transcripts have been on file with the bankruptcy court since October 28, 2013, yet the bankruptcy court has failed to provide a Certificate of Readiness over a month later.

Numerous calls have been made to the bankruptcy court and, while acknowledging that all transcripts are in its possession, the bankruptcy court has failed to explain why a Certificate of Readiness has not yet been provided or when one will be provided.[16]

### B. Appellants Will Be Prejudiced and Could Suffer Substantial Irreparable Harm if the Certificate of Readiness is Not Immediately Filed

The adversary case that is under appeal involves a dispute as to ownership of certain trademarks and other intellectual property.

As indicated in the Appellants' Emergency Motion for Stay (Doc. 6) and Appellants Motion for Stay (Doc. 17), the Appellees are currently in the process of trying to sell the disputed trademarks and intellectual property pursuant to Section 363 of the Bankruptcy Code before this appeal can be decided.

If the Certificate of Readiness is not immediately filed so as to begin the clock on the briefing schedule[17], it is highly likely that the present appeal could be rendered moot before this appeal can be briefed and decided due to the sale of the disputed trademarks and intellectual property to a third party, and Appellants will be left without an adequate remedy

Section 363(f) of the Bankruptcy Code allows a sale of disputed property to third parties "free and clear" of all disputed claims.[18]

## V. CONCLUSION

Based on the foregoing, Appellants ARGYLE ONLINE, LLC, PATH MEDIA HOLDINGS, LLC, JOSEPH R. FRANCIS, ARGYLE MEDIA SALES, LLC, AND FAB FILMS, LLC respectfully request that this Court issue a writ of mandamus to the bankruptcy court mandating that the Certificate of readiness and Completion of record be immediately submitted to this court.

---

[16] *See*, Declaration of Michael Kolodzi filed concurrently herewith.

[17] F.R.B.P. 8009 provides that the appellants opening brief is due 14 days after docketing of the appeal (i.e. after filing of the Certificate of Readiness), the appellee's brief is due 14 days after the filing of the appellant's brief, and the reply brief is due 14 days after the filing of the appellee's brief.

[18] Although Section 363 supposedly provided protections to those with disputed claims to sold property, the bankruptcy court in this instance has already indicated that it does not believe Appellants are within the class of persons protected by Section 363 because they did not file a Proof of Claim. See, Appellants Appendix, Vol.. VI filed previously (Doc. 18), Ex. 43, pgs. 1184-1186.

1  DATED: December 3, 2013            Respectfully submitted,
                                      THE KOLODZI LAW FIRM

                                      By: _____
                                      MICHAEL D. KOLODZI, ESQ.
                                      Attorney for ARGYLE ONLINE, LLC,
                                      PATH MEDIA HOLDINGS, LLC, JOSEPH
                                      R. FRANCIS, ARGYLE MEDIA SALES,
                                      LLC, AND FAB FILMS, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5981 Topanga Canyon Boulevard, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): _____
NOTICE OF MOTION AND MOTION FOR WRIT OF MANDAMUS TO U.S. BANKRUPTCY COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA TO IMMEDIATELY FILE CERTIFICATE OF READINESS AND COMPLETION
OF RECORD
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/04/2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
  See attached.

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/04/2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
  See attached.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/04/2013 | Michael D. Kolodzi, Esq. | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for a Case 2:13-cv-07666-ABC In re: GGW Brands, LLC, et al.

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew C Heyn**
  mheyn@ktbslaw.com

- **Michael D Kolodzi**
  mdk@mdklawfirm.com

- **Robert J Pfister**
  rpfister@ktbslaw.com

- **David M Stern**
  dstern@ktbslaw.com

- **Jonathan Mark Weiss**
  jweiss@ktbslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)